UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-cv-00300

**John Louis Atkins,**
*Petitioner,*

v.

**U.S. Dept of Justice – F.B.O.P. et al.,**
*Respondents.*

# ORDER

On October 9, 2019, petitioner John Louis Atkins, proceeding pro se, filed a petition for a writ of habeas corpus. Doc. 1. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636(b). Doc. 14.

On July 30, 2021, the magistrate judge entered a report recommending that the petition be denied with respect to the grounds raised pursuant to 28 U.S.C. § 2241. Doc. 46. The magistrate judge further recommended that a certificate of appealability be denied sua sponte. *Id.* Finally, the magistrate judge recommended that petitioner's claims that arise under 28 U.S.C. § 2255 be dismissed without prejudice as to petitioner's right to seek permission from the Fifth Circuit to file a successive motion. *Id.* Petitioner timely filed objections. Doc. 48.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). Petitioner's objections merely repeat the arguments raised in his amended § 2241 petition. And as with his petition, his objections fail because they challenge the legitimacy of his sentence itself rather than how his sentence is being executed. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (stating that a collateral attack upon a federal conviction is properly brought under § 2255 and that § 2241 is used to attack the manner in which a sentence is executed.) Therefore, § 2241 is not the proper vehicle for petitioner's claims and these claims must be brought under § 2255.

Furthermore, though he argues otherwise, petitioner has not demonstrated that a § 2255 motion is an inadequate or ineffective remedy to test the legality of his detention. He contends that the Supreme Court intended for *United States v. Haymond*, 139 S.Ct. 2369 (2019), and *Rehaif v. United States*, 139 S.Ct. 2191 (2019), to apply retroactively on collateral review and that the holdings in these cases render his sentence unconstitutional. Doc. 48 at 4–5. However, the Supreme Court has not explicitly held that either of these cases apply retroactively. Therefore, petitioner has not satisfied the savings clause of § 2255 and cannot attack his sentence in this manner.

It is clear that petitioner filed this § 2241 petition in an attempt to file a successive § 2255 motion without first seeking the permission of the Fifth Circuit. In fact, he admits that he intended to file this petition under § 2241 because his previous § 2255 was "inadequate" to present his claims, though he does not explain *why* it was inadequate—presumably it was inadequate because it was denied. Petitioner may seek permission from the Fifth Circuit to file a successive § 2255 petition, but the present motion cannot be construed as a motion to vacate, set aside, or correct a sentence because petitioner did not have permission to file it. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *see also United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013). Further, petitioner has failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. Therefore, he is not entitled to a certificate of appealability as to his § 2255 claims.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules petitioner's objections and accepts its findings and recommendation. The petition for writ of habeas corpus is denied with respect to the grounds raised pursuant to § 2241. Petitioner's claims that arise under § 2255 are dismissed without prejudice as to his right to seek permission from the Fifth Circuit to file a successive motion. A certificate of appealability is denied sua sponte. All pending motions are denied as moot.

*So ordered by the court on August 27, 2021.*

_____
J. CAMPBELL BARKER
United States District Judge